DECISION AND JUDGMENT ENTRY
{¶ 1} Doss S. York appeals his gross sexual imposition conviction from the Wood County Court of Common Pleas. Because we conclude that the conviction was supported by the manifest weight of the evidence and that the trial court did not err in sentencing York to prison, we affirm.
 {¶ 2} Facts
 {¶ 3} York was indicted on one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4), as a result of the events occurring in the early morning hours of November 18, 2001 at Helen Mole's trailer at 1905 Tracey Road in Northwood. Testimony at trial showed that Mole's eleven-year-old granddaughter was asleep with her six-year-old cousin. The granddaughter testified that she was awakened when York touched her buttocks. She then turned over, "so he couldn't do it anymore." York then quickly removed his hand and "went to the middle of the bed and started reaching in the front." The granddaughter then stated he tried to put his hand under the covers to touch her panties again but pretended that he was just "patting the covers" when she looked at him. The granddaughter could remember that York's hands were rough and dry. At that point, she got out of bed and went to get her grandmother.
 {¶ 4} Both the granddaughter and her grandmother testified that the granddaughter was hysterical when she reported that York had touched her. They then both went into the kitchen and the grandmother asked York if he had touched her granddaughter. York said no. Testimony then differs as to who originally had the idea to call the police; however, the granddaughter ultimately called the police in a hysterical state to explain what had happened. When the police arrived, testimony showed that they were confronted at the door by the young girl who was very upset and blurted out that York had touched her. As the officers entered the trailer, they noticed that York was sitting in the kitchen drinking a beer. They also noticed that York was under the influence of alcohol. York admitted at trial that he had drunk four to five beers that night between the time he arrived home from work at approximately 12:30 A.M. and the time of the alleged touching at approximately 2:30 A.M. After conducting their investigation at the scene, the officers arrested York.
 {¶ 5} Both York and the grandmother testified that York had been drinking that night. York admitted that he might have touched the young girl. He also stated that if he had put his hands down a young girl's pants, it would not have been an accident, and it would have been for sexual gratification. The granddaughter, the grandmother, and York testified that the granddaughter previously would visit her grandmother at least once, if not twice, a month. She has not visited since York touched her because he continued to reside with her grandmother even after the incident. The girl's mother testified that ever since she found her daughter shaking and crying that morning in the trailer, her daughter does not have the same personality and does not trust people. Although she had liked York before, the girl testified that she is scared of him now. Her distrust extends to even her own father. York now appeals his conviction and sentence on one count of gross sexual imposition.
Assignments of Error
 {¶ 6} 1. "The verdict of the jury was against the manifest weight of the evidence in that it was not proven beyond a reasonable doubt that Appellant violated O.R.C. § 2907.05 (A)(4)."
 {¶ 7} 2. "The sentence imposed by the Trial Court was contrary to law in that it was not supported by findings mandated by O.R.C. §§2929.13 2929.12, nor necessitated by O.R.C. § 2929.11."
First Assignment of Error
 {¶ 8} York's first assignment of error relies upon the argument that his conviction was against the manifest weight of the evidence. The legal concepts of sufficiency of the evidence and weight of the evidence are quantitatively and qualitatively different. State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. Id. at 387.
 {¶ 9} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. (citing Tibbs v. Florida (1982), 457 U.S. 31, 42). The appellate court, "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. (quoting State v.Martin (1983), 20 Ohio App.3d 172, 175).
 {¶ 10} Weight of evidence and credibility of witnesses are matters for the trier of fact. The factfinder can hear, observe the body language, evaluate voice inflections, observe hand gestures, perceive the interplay between the witness and the examiner, and watch the witness's reaction to exhibits and the like. Determining credibility from a sterile transcript is far more difficult. A reviewing court must, therefore, accord due deference to the credibility determinations made by the factfinder. State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of syllabus.
 {¶ 11} York was convicted of gross sexual imposition, a violation of R.C. 2907.05(A)(4), which states that: "No person shall have sexual contact with another, not the spouse of the offender; * * * when any of the following applies: * * * The other person, or one of the other persons, is less than thirteen years of age, whether the offender knows the age of that person." Sexual contact is defined by R.C. 2907.01(B) and "means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 12} A review of the record supports the jury's finding of gross sexual imposition. Testimony showed that Doss York, in the middle of the night, touched the buttocks of an eleven-year-old girl. The eleven-year-old was not York's spouse. York had agreed that touching a young girl in that way would not be accidental and would be for the purpose of sexual gratification.
 {¶ 13} Gross sexual imposition involving someone under the age of thirteen is a strict liability offense "requiring no precise culpable state of mind, rather, all that is required is a showing of the proscribed sexual contact." State v. Valdez (Oct. 25, 1991), 6th Dist. No. 90-OT-007 (citing State v. Astley (1987), 36 Ohio App.3d 247, 250). After thoroughly reviewing the evidence in the record, we are satisfied that the greater amount of credible evidence shows that the jury could have found that there was sexual contact between York and the eleven-year-old girl and that this contact could be perceived by the jury as sexually arousing or gratifying to York. The elements of gross sexual imposition were present, and Miller's conviction is not against the manifest weight of the evidence. York's first assignment of error is found not well-taken.
Second Assignment of Error
 {¶ 14} York's second assignment of error argues that his sentence is contrary to law under R.C. 2953.08(A)(4). York was convicted of a felony of the third degree and sentenced to a one year prison term. The minimum prison term for a felony of the third degree is one year. R.C.2929.14(A)(3). A felony of the third degree also does not carry a presumption for or against prison incarceration. R.C. 2929.13. In his brief, York concedes, and we concur, that the trial court satisfied the requirements of R.C. 2929.11 and R.C. 2929.13 when it sentenced him. The gist of York's argument, therefore, concerns whether the trial court complied with R.C. 2929.12.
 {¶ 15} When an allegation is made that the sentence imposed by the trial court is contrary to law, a reviewing court will "look to the record to determine whether the sentencing court (1) considered the statutory factors, (2) made the required findings, (3) relied on substantial evidence in the record to support those findings, and (4) properly applied the statutory guidelines." (Citations omitted.) State v.Longnecker, 4th Dist. No. 02CA76, 2003-Ohio-6208, at ¶ 36. Here, the trial court did all those things.
 {¶ 16} Specifically, it found that this crime was a more serious form of the offense because of its impact on the victim, and community control sanctions would demean the seriousness of York's conduct. The trial court went on to state in its judgment entry that it noted "defense counsel's objection to the findings that the victim suffered serious psychological harm and that the Offender's failure to acknowledge a pattern of drug or alcohol abuse is related to the offense." See, R.C.2929.12(B)(2); R.C. 2929.12(D)(4). During the sentencing hearing, the trial specifically found that York's relationship with the eleven-year-old girl facilitated the offense, and that he had a history of criminal convictions, though he had been a law abiding citizen for many years. See, R.C. 2929.12(B)(6); R.C. 2929.12(D)(2); R.C.2929.12(E)(3).
 {¶ 17} As the trial court made all the needed findings in both the sentencing hearing and the judgment entry to York's one year prison sentence, his sentence was not contrary to law. York's second assignment of error is found not well-taken.
 {¶ 18} Since substantial justice was done to appellant, Doss York, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Judgment affirmed.
Peter M. Handwork, P.J., Judith Ann Lanzinger, J., Arlene Singer, J., concur.