JOURNAL ENTRY and OPINION
{¶ 1} This case is before this court on remand by the Supreme Court of Ohio. On May 15, 2003, a panel of this court reversed the conviction of appellant, Steven Crotts ("Crotts"), for gross sexual imposition and kidnapping, sustaining Crotts' third assignment of error that the trial court erred in admitting "other acts" evidence and rendering three other assignments of error moot. State v. Crotts, Cuyahoga App. No. 81477, 2003-Ohio-2473, rev'd by State v. Crotts, 104 Ohio St.3d 432,2004-Ohio-6550, ¶ 28, 820 N.E.2d 302. On December 15, 2004, the Supreme Court of Ohio affirmed Crotts' conviction and reversed and remanded the matter to this court, pursuant to App.R. 12(A)(1)(c), to specifically address the three assignments of error that were deemed "moot." State v.Crotts, 104 Ohio St.3d 432, 2004-Ohio-6550, ¶ 28, 820 N.E.2d 302. For the following reasons, we overrule Crotts' fourth, sixth, and seventh assignments of error and affirm Crotts' conviction.
 I. {¶ 2} Crotts argues, in his fourth assignment of error, that the trial court erred by allowing the victim's brother to testify as to Crotts' guilt.[1] In particular, Crotts asserts that the testimony as to his guilt is irrelevant and prejudicial under the Rules of Evidence. However, Crotts' argument is not well-taken.
 {¶ 3} Although relevant evidence is any evidence which tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," it is not admissible if "its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." See Evid.R. 401; Evid.R. 403(A). Here, the victim's brother, the state's witness, testified on cross-examination that he knew his brother (the victim) told lies. On redirect examination, the state asked the victim's brother if he believed his brother regarding the allegations against Crotts. The victim's brother testified as follows:
 {¶ 4} "Uh-huh. Well, I have had personal experiences with the defendant that would make me believe he's guilty, but I've also known my brothers all their lives and heard their lies, so it's kind of a lose/lose situation."
 {¶ 5} While Crotts would like this court to hold that the trial court should not have permitted such testimony, Crotts himself opened the door when he asked on cross-examination if he knew his brother to lie. More importantly, however, is that the victim's brother's testimony was favorable to neither party and any perceived error by the trial court is rendered harmless. The testimony was not prejudicial; thus, Crotts' fourth assignment of error is overruled.
 II. {¶ 6} Crotts argues, in his sixth assignment of error, that the evidence is insufficient to classify him a sexual predator. Specifically, Crotts asserts that he cannot be a sexual predator because he had no prior record, that there was only one victim, that drugs or alcohol were not used in committing the offenses,[2] that there is no history of mental illness, and that there was no evidence of cruelty. However, upon review of the record, Crotts' argument is without merit.
 {¶ 7} R.C. 2950(B)(3) provides as follows:
 {¶ 8} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 9} "(a) The offender's or delinquent child's age;
 {¶ 10} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 11} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 12} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 13} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 14} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 15} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 16} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 17} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 18} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 19} Here, while the trial court noted that Crotts had no prior criminal record, it considered the victim's age of 12 as well as Crotts' age of 38 at the time of the offenses. The trial court considered the fact that Crotts engaged in sexual activity with the victim despite being HIV positive as particularly cruel and noted that the "behavioral characteristics that [Crotts] displayed throughout this trial of self agrandizement [sic], of absolutely no remorse, of blaming everyone else, of being smarter than everyone in the room" led the trial court to classify him as a sexual predator. Additionally, the trial court considered the position of trust Crotts established with the victim and the victim's family when it classified him as a sexual predator. Simply because some of the sexual predator factors the trial court may consider did not apply to Crotts does not render the trial court's determination null and void. Upon review of the record, the evidence was sufficient for the trial court to classify Crotts as a sexual predator. Thus, Crotts' sixth assignment of error is overruled.
 III. {¶ 20} Finally, Crotts argues, in his seventh assignment of error, that the trial court erred when it imposed a consecutive sentence. He asserts that because he lacked a prior criminal record, he was entitled to the minimum sentences for the offenses he committed. While a presumption of the minimum sentence occurs for a first-time offender, the presumption is not absolute and, in fact, is rebuttable. As provided in R.C. 2929.14(B):
 {¶ 21} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(5), (D)(6), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 22} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 23} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 24} Likewise, the trial court may impose the longest prison term "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders." R.C. 2929.14(C).
 {¶ 25} A consecutive sentence may be imposed pursuant to R.C.2929.14(E)(4):
 {¶ 26} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 27} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 28} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 29} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 30} Here, the trial court expressly provided its reasons for imposing consecutive sentences, as well as imposing more than the minimum sentence. First, the trial court reasoned that imposing the minimum one year prison term on Crotts' conviction of gross sexual imposition would seriously demean the seriousness of the offense and instead be "tantamount to stealing a leather coat from Dillards." The trial court also noted that it considered Crotts' actions in taking the victim from his safe slumber (in the company of his brother) and pleasuring himself while the victim slept to be the worst form of gross sexual imposition. In addition, the trial court noted that the shortest sentence would not adequately protect the public because Crotts, who lives in a camper, moving from fair to fair with his hot dog business, would be able to kidnap other children in the future. The trial court's specific findings and reasons for imposing more than the minimum sentence meet the statutory requirements.
 {¶ 31} Moreover, the trial court, in its lengthy discussion of its findings and reasons for its sentences, specifically found that the harm in this case was so great and unusual that a single term would not adequately reflect the seriousness of the offense. As a result of its findings, the trial court imposed consecutive sentences and based its sentences upon facts found by the jury at trial. Because it cannot be said that the trial court erred in imposing consecutive sentences, Crotts' seventh assignment of error is overruled.[3]
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and McMonagle, J., concur.
[1] A full recount of the facts of the case can be found in the Supreme Court of Ohio's opinion. State v. Crotts, 104 Ohio St.3d 432,2004-Ohio-6550, 820 N.E.2d 302.
[2] There was evidence that Crotts used melatonin — a natural drug — to induce sleep in the victim and his brother.
[3] While not argued by either party in this appeal, it should be noted that this court has found R.C. 2929.14(E)(4), the statute that addresses consecutive sentences, to be constitutional and not in violation of the Sixth Amendment as construed in Blakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403. See State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729.