JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Marvin Bryant ("Bryant"), appeals his conviction of aggravated robbery and felonious assault, as well as his nine-year prison sentence, for stealing money from and shooting the victim after the victim failed to pay Bryant for the roof job he performed. The victim met Bryant through co-defendant, Christopher Worley ("Worley.") Worley was hired to assist the victim in his home improvement business. The victim needed assistance with a roof job and contracted with Bryant, upon Worley's recommendation, for $650 to perform the work.
 {¶ 2} When the roof job was near completion, Bryant contacted the victim looking for his money. The victim informed Bryant that he would be paid out of the proceeds of another completed job. After the roof job was finished, Bryant sought his payment from the victim, but the victim could only reassure Bryant that he would be paid soon. Bryant continued to seek payment and the victim continued to tell him that he would pay him.
 {¶ 3} Later that month, the victim, while working on another job down the street from Worley's house, saw Worley driving his car toward him. Worley pulled up next to the victim's van and the victim approached Worley to tell him that payment would be made to Bryant the next day. The victim observed that Worley was on his cell phone and believed that he saw a weapon inside Worley's car. Worley handed the cell phone to the victim and told him that Bryant was on the phone. The victim spoke to Bryant, informing him that he would be paid the next day, and Bryant yelled at the victim. The victim handed the cell phone back to Worley and within seconds, a car, driven by a third party, came around the corner and stopped suddenly in front of the victim. Bryant stepped out of the passenger side door with a gun, told the victim he wanted his money, and clicked the gun twice while pointing the gun at the victim. As the victim tried to step back, Bryant slapped him in the face, pointed the gun at his head, shot him in the leg, and used the gun to point at his pockets so that the victim would empty them. Once Bryant obtained money from the victim, Bryant and Worley drove off.
 {¶ 4} Bryant now appeals, citing eight assignments of error.
 I. {¶ 5} For his first assignment of error, Bryant argues that he was denied due process when the trial court denied a separate trial. He contends that his defense was antagonistic to Worley's defense and a joint trial prejudiced him. This court, however, need not address the merits of this assignment of error, as Bryant neither filed a motion to sever the trial nor made an oral motion at any time during the proceedings to sever the trial. State v. Sapp, 105 Ohio St.3d 104,2004-Ohio-7008, ¶ 68, 822 N.E.2d 1239, citing State v. Walker (1990),66 Ohio App.3d 518, 522, 585 N.E.2d 848. Unless there is plain error, Bryant waived this issue by not asserting it in the first place. Here, there can be no plain error because Bryant conclusively claims that his defense is antagonistic to Worley's defense without providing this court with what his defense is or how it is adverse to Worley's. Instead, Bryant wishes to ride the coat tails of Worley, who at least filed a motion to sever but failed to renew his request at the close of the state's case or at the close of all the evidence. Because there is no plain error and Bryant waived the issue by not asserting it at all with the trial court, Bryant's first assignment of error is overruled.
 II. {¶ 6} Bryant argues, in his second assignment of error, that he was denied his right of confrontation and cross-examination when the trial court allowed a police officer to relate information he learned from other individuals during his investigation. In particular, Bryant contends that Officer McClain was only able to remember Bryant's name as the suspect who shot the victim after reading the police report he compiled from the victim. Bryant's argument, however, lacks merit.
 {¶ 7} The victim testified at trial and thoroughly described being shot at and robbed by Bryant while Worley sat in his car observing. The victim was also thoroughly cross-examined by Bryant's counsel. The testimony from Officer McClain was simply a recount of his investigation and a corroboration of the victim's own testimony. Because Bryant was afforded his right to confrontation and cross-examined the victim — the same person who provided the information for the police report — his second assignment of error is overruled.
 III. {¶ 8} For his third assignment of error, Bryant argues that he was denied a fair trial when Detective Terrace was permitted to testify concerning her opinion as to Bryant's guilt. In particular, Bryant claims that Detective Terrace vouched for the credibility of the victim by recounting what the victim told her and stating that it was "reflective of the truth as it [was] known to her." Bryant's argument lacks merit, as the transcript is void of any reference vouching for the victim's credibility or opining that Bryant was guilty. Instead, Detective Terrace's statement that the victim's recount was "reflective of the truth" referred to her investigative procedures of typing what the witness tells her and asking the witness to read the typewritten statement for accuracy. Bryant's argument vastly misreads Detective Terrace's testimony; thus, his third assignment of error is overruled.
 IV. {¶ 9} Bryant argues, in his fourth assignment of error, that he was denied due process when the trial court did not enforce the separation of witnesses order. He contends that the state's witness, Marcus Jackson ("Jackson"), entered the courtroom while the trial court was instructing the jury prior to a lunch break. Bryant's contention is without merit.
 {¶ 10} Although Bryant moved the trial court to exclude Jackson from testifying, the trial court denied the motion, stating that it could not foresee any prejudice to either Bryant or Worley, since Jackson did not sit in on any other witness' testimony. Evid.R. 615(A) provides in whole as follows:
 {¶ 11} "Except as provided in division (B) of this rule, at the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. An order directing the `exclusion' or `separation' of witnesses or the like, in general terms without specification of other or additional limitations, is effective only to require the exclusion of witnesses from the hearing during the testimony of other witnesses."
 {¶ 12} Because Jackson entered the courtroom when the trial court was giving the jury instructions and was not present while another witness was testifying, there was no violation of the trial court's order separating the witnesses. Thus, Bryant's fourth assignment of error is overruled.
 V. {¶ 13} For his fifth assignment of error, Bryant argues that he was denied due process when he was unable to cross-examine the victim on his written statement. In particular, Bryant contends that he was never furnished with the victim's written statement and as a result, could not cross-examine the victim as to the statement. However, upon review of the record, Bryant's argument must fail.
 {¶ 14} In contrast to Bryant's argument that the victim testified in "no uncertain terms" that he prepared a written statement, the victim's testimony runs the gamut from preparing a written statement to not preparing a written statement. Admittedly, there is confusion from the victim's testimony as to whether a written statement was actually prepared by the victim in addition to the statement the victim told to the police. However, any lingering confusion was resolved when the trial court reviewed the state's documents, in camera, and determined that no additional written statement existed. Because the state (or anyone for that matter) cannot be expected to provide something that does not exist, Bryant's fifth assignment of error is overruled.
 VI. {¶ 15} In his sixth assignment of error, Bryant maintains that he was denied due process when the trial court instructed the jury on flight. In particular, he asserts that such a jury instruction impermissibly creates a presumption of guilt simply because Bryant fled the scene. However, the trial court specifically instructed that the jury may consider Bryant's flight after he shot and robbed the victim as consciousness of guilt but "in and of itself does not raise a presumption of guilt." Because this court must presume that the jury followed that instruction, it cannot be said that the trial court denied Bryant due process. Thus, Bryant's sixth assignment of error is overruled.
 VII. {¶ 16} Bryant argues in his seventh assignment of error that he was denied due process when the trial court overruled his motion for judgment of acquittal. Likewise, Bryant argues that his convictions were against the manifest weight of the evidence. His arguments lack merit.
 {¶ 17} In reviewing a record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. "The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 18} Aggravated robbery is defined as follows:
 {¶ 19} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 20} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
 {¶ 21} "(2) Have a dangerous ordnance on or about the offender's person or under the offender's control;
 {¶ 22} "(3) Inflict, or attempt to inflict, serious physical harm on another." R.C. 2911.01.
 {¶ 23} Likewise, felonious assault is defined as follows:
 {¶ 24} "(A) No person shall knowingly do either of the following:
 {¶ 25} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 26} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." R.C. 2903.11.
 {¶ 27} Here, the evidence was sufficient for the jury to conclude that the essential elements of the crimes of aggravated robbery and felonious assault were proven beyond a reasonable doubt. As the evidence showed, Bryant shot the victim in the leg with his gun, stole money from the victim's pockets, and drove off immediately. Any rational trier of fact could have concluded that the essential elements of aggravated robbery and felonious assault were proven beyond a reasonable doubt.
 {¶ 28} Likewise, it cannot be said that the jury clearly lost its way in finding Bryant guilty of aggravated robbery and felonious assault. Bryant used his gun to physically harm and rob the victim. Thus, Bryant's seventh assignment of error is overruled.
 VIII. {¶ 29} Finally, Bryant argues in his eighth assignment of error that he was denied his Sixth Amendment right to a jury trial when the trial court sentenced him to more than the minimum prison sentence and imposed a maximum sentence. In support of his argument, Bryant cites to Blakelyv. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, for the proposition that his "more than the minimum" and maximum sentence was based on facts not found by the jury nor admitted by him. However, as this court has conclusively held in State v. Atkins-Boozer, Cuyahoga App. No. 81541, 2005-Ohio-2666, ¶ 30, imposing "more than the minimum" sentence does not implicate the Sixth Amendment right to a jury trial as construed by Blakely. In addition, imposing the maximum sentence does not implicate the Sixth Amendment or Blakely. State v. Lett,161 Ohio App.3d 274, 2005-Ohio-2665, ¶ 25, 829 N.E.2d 1281.
 {¶ 30} Here, the trial court found that Bryant was not entitled to the presumption of a minimum prison sentence because of his extensive criminal history for which he served previous prison terms. Likewise, the trial court found that the maximum sentence would protect the public from future crimes because Bryant committed the robbery and the felonious assault with a gun that he was not supposed to have, as he had been convicted of a previous felony, and had violated his probation numerous times in the past. Because the trial court's imposition of "more than the minimum" and maximum sentence was proper, Bryant's eighth assignment of error is overruled and his sentence is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Cooney, J., concurs in judgment only.