JOURNAL ENTRY AND OPINION
{¶ 1} Steven Crotts has filed a timely application for reopening pursuant to App.R. 26(B). Crotts is attempting to reopen the appellate judgment that was rendered by this court inState v. Crotts, Cuyahoga App. No. 61477, 2005-Ohio-3435, which affirmed his conviction for the offenses of kidnapping (R.C.2905.01) and gross sexual imposition (R.C. 2907.05). For the following reasons, we decline to reopen the appeal as rendered by this court in State v. Crotts, supra.
 {¶ 2} In support of his application for reopening, Crotts raises five proposed assignments of error, which should have been raised through his appeal:
THE DEFENDANT WAS UNCONSTITUTIONALLY SENTENCED TO MULTIPLE PUNISHMENTS WHEN THE COURT FAILED TO MERGE THE GROSS SEXUAL IMPOSITION AND KIDNAPPING CONVICTIONS.
DEFENDANT WAS DENIED HIS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENT WHEN THE SENTENCE WAS BASED ON CLAIMS NOT ALLEGED IN THE INDICTMENT NOR FOUND BY THE JURY.
DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO DISMISS THE INDICTMENT WHEN DEFENDANT'S RIGHT TO A SPEEDY TRIAL HAD BEEN VIOLATED.
DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS CONVICTED OF GROSS SEXUAL IMPOSITION WITHOUT REQUIRING ANY PROOF OF A CULPABLE MENTAL STATE.
DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS TESTIMONY WAS TO BE JUDGED DIFFERENTLY THAN OTHER WITNESSES.
 {¶ 3} Initially, we find that Crotts' first, second, and third proposed assignments of error are barred from further review under the doctrine of res judicata. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review based upon the operation of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 4} In the case sub judice, Crotts did file an appeal with the Supreme Court of Ohio and did raise the issues of failure to merge the convictions of gross sexual imposition and kidnapping for sentencing purposes, sentence was based upon claims not alleged in the indictment, and failure to dismiss indictment based upon lack of a speedy trial.[1] In fact, a comparison of proposed assignments of error one, two, and three and propositions of law two, four, and five clearly demonstrate identical reasoning and argument. On December 12, 2005, the Supreme Court of Ohio dismissed Crotts' appeal on the basis that it did not involve any substantial constitutional questions. Since the issues of improper sentencing, defective indictment, and speedy trial were raised on appeal to the Supreme Court of Ohio, res judicata now bars any further litigation of the claims.State v. Dehler, 73 Ohio St.3d 307, 1995-Ohio-320,652 N.E.2d 987; State v. Terrell, 72 Ohio St.3d 247, 1995-Ohio-54,648 N.E.2d 1353; State v. Loyed, Cuyahoga App. No. 83075,2004-Ohio-3961, reopening disallowed (Apr. 27, 2005), Motion No. 365802; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793.
 {¶ 5} A substantive review of Crotts' two remaining proposed assignments of error fails to establish the claim of ineffective assistance of appellate counsel. It is well settled that appellate counsel is not required to raise and argue assignments of error that are meritless. Jones v. Barnes (1983),463 U.S. 745, 77 L.Ed. 2d 987, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id; State v. Grimm,73 Ohio St.3d 413, 1995-Ohio-24, 653 N.E.2d 253; State v. Campbell,69 Ohio St.3d 38, 1994-Ohio-492, 630 N.E.2d 339. Crotts must establish the prejudice which results from the claimed deficient performance of appellate counsel. Crotts must also demonstrate that, but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed,74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456. Therefore, in order for this court to grant an application for reopening, Crotts must establish that "there is a genuine issue as to whether the applicant was deprived of the assistance of counsel on appeal." App.R. 26(B)(5).
"In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two-prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). Spivey must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, Spivey bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal."
State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, at 25.
 {¶ 6} Based upon the fourth and fifth proposed assignments of error, Crotts has failed to establish a claim of ineffective assistance of appellate counsel. The offense of gross sexual imposition, as applied to a victim who is less than thirteen years of age, constitutes a strict liability crime which reguires no proof of a precise culpable state of mind. State v. Astley
(1987), 36 Ohio App.3d 247, 523 N.E.2d 322; State v. York,
Sixth Appellate District Case No. WD-03-017, 2003-Ohio-7249. Both this court and the Supreme Court of Ohio found that the record herein clearly delineated that the victim of the offense of gross sexual imposition was under the age of thirteen at the time of the offense. In addition, a complete review of the transcript of Crotts' trial demonstrates that the victim was under the age of thirteen at the time of the commission of the offense of gross sexual imposition. See Tr. 52, 57, 58, 59, 90, 91, and 191. Thus, there exists no error with regard to the issue of proof of a culpable mental state vis-a-vis the offense of gross sexual imposition, and Crotts has failed to demonstrate the claim of ineffective assistance of appellate counsel.
 {¶ 7} Finally, we find that Crotts has failed to establish the claim of ineffective assistance of appellate counsel through his fifth proposed assignment of error. A complete reading of the trial court's jury instruction, with regard to Crotts' testimony, fails to disclose any harmful prejudice.
THE COURT: The defendant has testified as a witness in this case. You will weigh his testimony the same as you weigh the testimony of other witnesses. Just because he's the defendant is no reason for you to disregard and set aside his testimony. And you will give his testimony the weight it's entitled to receive, taking into consideration his interest in the outcome of the case and apply to his testimony the same rules that you apply to the testimony of all other witnesses.
(Tr. 678).
 {¶ 8} The trial court's jury instruction, with regard to Crotts' testimony, did not conflict with the holding of the Supreme Court of Ohio in State v. Group, 98 Ohio St.3d 248,2002-Ohio-7247, 781 N.E.2d 980. Once again, Crotts has failed to establish the claim of ineffective assistance of appellate counsel.
 {¶ 9} As stated previously, appellate counsel is not required to raise and argue assignments of error which are meritless nor can appellate counsel be considered ineffective for failing to raise every conceivable assignment of error on appeal. Jones v.Barnes, supra; State v. Gumm, supra. More importantly, we find no prejudice to Crotts based upon the proposed assignments of error raised through the application for reopening.
 {¶ 10} Accordingly, we decline to reopen Crotts' appeal. The application for reopening is denied.
Ayke, A.J., Concurs.
 Cooney, J., Concurs.
[1] On January 6, 2006, Crotts provided this court a copy of the Memorandum in Support of Jurisdiction which was filed in the Supreme Court of Ohio with regard to the appeal of the decision rendered in State v. Crotts, supra.