JOURNAL ENTRY AND OPINION
{¶ 1} Marvin Bryant has filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in Statev. Bryant, Cuyahoga App. No. 85836, 2005-Ohio-6358, which affirmed his conviction for aggravated robbery with firearm specifications, felonious assault with firearm specifications, and having weapons while under disability. For the following reasons, we decline to reopen Bryant's appeal.
 {¶ 2} The doctrine of res judicata prevents this court from reopening Bryant's original appeal. Errors of law that were either previously raised or could have been raised through an appeal are barred from further review based upon the operation of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104. The Ohio Supreme Court has also established that a claim of ineffective assistance of counsel will be barred from review by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 3} Bryant has raised three proposed assignments of error in support of his application for reopening, which involve the trial court's lack of jurisdiction, the trial court's failure to preserve a document which was submitted for an in-camera inspection, and Bryant's conviction for aggravated robbery not being supported by the weight of the evidence.
 {¶ 4} Bryant filed an appeal with the Ohio Supreme Court and raised or could have raised these issues. On May 17, 2006, the Ohio Supreme Court reversed this court's judgment and remanded Bryant's case to the trial court for resentencing. See In reOhio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 411,2006-Ohio-2394, 848 N.E.2d 804. Because the issues presently argued by Bryant were raised or could have been raised before the Ohio Supreme Court on appeal, res judicata now bars any further litigation of the issues. State v. Dehler, 73 Ohio St.3d 307,1995-Ohio-320, 652 N.E.2d 987; State v. Terrell,72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353, State v. Crotts, Cuyahoga App. No. 81477, 2006-Ohio-1099, reopening disallowed (Mar. 6, 2006), Motion No. 376246; State v. Loyed, Cuyahoga App. No. 83075, 2004-Ohio-3961, reopening disallowed (Apr. 27, 2005), Motion No. 365802; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 2996), Motion No. 71793. Finally, Bryant's application for reopening is moot since the Ohio Supreme Court reversed the appellate judgment of this court and remanded the action to the trial court for resentencing. State v. Bigsby, Cuyahoga App. No. 83370,2005-Ohio-3590, reopening disallowed (May 22, 2006), Motion No. 376789.
 {¶ 5} Application for reopening is denied.
Dyke, A.J., Concurs Gallagher, J., Concurs.