JOURNAL ENTRY AND OPINION
{¶ 1} Michael Abboud has filed a timely application for reopening pursuant to App.R. 26(B). Abboud is attempting to reopen the appellate judgment that was rendered by this court inState v. Abboud, Cuyahoga App. No. 85750, 2005-Ohio-5847, which affirmed his conviction for the offenses of unlawful restraint, aggravated burglary with a firearm specification, and coercion. For the following reasons, we decline to reopen Abboud's appeal.
 {¶ 2} Abboud's application for reopening must be denied based upon the application of the doctrine of res judicata. Errors of law that were either previously raised or could have been raised through an appeal are barred from further review because of the operation of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 3} In the case sub judice, Abboud has raised eleven proposed assignments of error in support of his application for reopening. Abboud's eleven proposed assignments of error involve the issues of failure of this court to consider claims of error because of a lack of cited authority or a mis-cited transcript, trial counsel's failure to file a motion to suppress a warrantless arrest, improper jury instructions, improper testimony of witnesses, unavailability of witnesses, trial court disparaging and denigrating defense trial counsel, and improper sentencing.
 {¶ 4} Abboud did file an appeal with the Supreme Court of Ohio and raised nine propositions of law which involved the issues of tainted jurors, defense counsel denigration, improper conduct by the trial court, trial court made disparaging remarks directed at trial counsel, unavailability of witnesses, improper sentencing, failure to grant a Crim.R. 29 motion for dismissal, various witness rulings, and failure of this court to consider claims of error because of a lack of cited authority or a mis-cited transcript. On June 28, 2006, the Supreme Court of Ohio reversed the appellate judgment of this court and remanded the criminal action directly to the trial court for resentencing. SeeIn re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, 847 N.E.2d 1174. Since the issues as presently raised by Abboud were raised or could have been raised before the Supreme Court of Ohio on appeal, res judicata now bars any further litigation of the issues. State v. Dehler,73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; State v. Terrell,72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353, State v. Crotts,
Cuyahoga App. No. 81477, 2006-Ohio-1099, reopening disallowed (Mar. 6, 2006), Motion No. 376246; State v. Loyed, Cuyahoga App. No. 83075, 2004-Ohio-3961, reopening disallowed (Apr. 27, 2005), Motion No. 365802; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793. Finally, Abboud's application for reopening is moot since the Supreme Court of Ohio reversed the appellate judgment of this court and remanded the action directly to the trial court for resentencing. State v. Bigsby, Cuyahoga App. No. 83370, 2005-Ohio-3590, reopening disallowed (May 22, 2006), Motion No. 376789.
 {¶ 5} Application for reopening is denied.
Kenneth A. Rocco, J., concurs Patricia A. Blackmon, J.,concurs.