[Cite as *State v. Jones*, 2011-Ohio-4404.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 94408

STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

VINCE JONES

DEFENDANT-APPELLANT

JUDGMENT:
APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case Nos. CR-525681-A and CR-526447-A
Application for Reopening
Motion No. 442499

RELEASE DATE:    August 31, 2011

FOR APPELLANT

Vince Jones, Pro Se
Inmate No. 572-912
Marion Correctional Institution
P.O. Box 57
Marion, OH 43301



ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY:   Robert Botnick
           Kristen L. Sobieski
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113


MELODY J. STEWART, P.J.:

{¶ 1} In *State v. Jones*, Cuyahoga County Court of Common Pleas Case Nos. CR-525681 and 526447, applicant – Vince Jones – pled guilty to identity fraud, theft, forgery, and tampering with records.   This court affirmed his convictions, vacated his sentence, and remanded the case for resentencing because of several sentencing errors[1] in *State v. Jones*, 8th Dist. No. 94408, 2011-Ohio-453.

---

[1]"This case has several sentencing errors that must be corrected.   First, the court failed to

**{¶ 2}** Jones has filed with the clerk of this court a timely application for reopening. He asserts that he was denied the effective assistance of appellate counsel because appellate counsel did not assign several errors pertaining to his plea and sentencing. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.

**{¶ 3}** Having reviewed the arguments in the application for reopening in light of the record, we hold that Jones has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant. "In *State v. Reed* (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim'

mention restitution for both cases during the sentencing hearing but ordered restitution in the journal entry. Secondly, the court failed to order court costs for both cases as part of the sentence. Third, the court confused which charge carried the four-year sentence in Case No. CR-526447. On remand, the trial court must resentence Jones to correct these errors so that the journal entry directly corresponds to the sentence stated in the presence of Jones at his sentencing hearing." Id. at ¶56.

of ineffective assistance of counsel on appeal." Id. at 25. Applicant cannot satisfy either prong of the *Strickland* test. We must, therefore, deny the application on the merits.

{¶ 4} In his first proposed assignment of error, Jones contends that the trial court failed to determine "that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved ***." Crim.R. 11(C)(2)(a). Specifically, Jones asserts that the trial court did not inform him of the maximum penalty.

{¶ 5} Yet, during the plea hearing, the prosecution recited a potential penalty for each charge resulting in a guilty plea. The state also stated the potential postrelease control. See Tr., Aug. 27, 2009, at 17-18. "At the plea hearing, the state set forth the charge, maximum penalty, and plea discussions on the record. The trial court engaged Davis [the defendant/appellant] in a Crim. R. 11 colloquy. During the colloquy, Davis affirmatively expressed that he understood his rights, and that he understood he was giving up those rights by entering a guilty plea." *State v. Davis*, Cuyahoga App. No. 95016, 2011-Ohio-2514.

{¶ 6} As was the case in *Davis*, the state set forth the charges and range of penalties. Jones has not, therefore, demonstrated that appellate counsel was deficient or that he was prejudiced by the absence of this assignment of error.

{¶ 7} In his second through sixth assignments of error, Jones complains regarding various purported sentencing errors:

2. A four-year sentence for fourth-degree felony theft is outside the statutory range.

3. The trial court did not sentence him on identity fraud.

4. The trial court sentenced him to a charge to which he had not pled guilty.

5. The trial court failed to apply postrelease control properly.

6. The trial court imposed an incorrect amount of restitution.

{¶ 8} As noted above, on direct appeal, this court vacated the sentence and remanded the case for resentencing because of several sentencing errors. In its response to the application, the state observes that the trial court issued resentencing entries on March 8, 2011. As a consequence, the state argues that the application for reopening is moot. With respect to proposed assignments of error two through six, we agree.

{¶ 9} This court vacated the original sentence. That is, appellate counsel succeeded in persuading this court to vacate the sentence. Jones may not maintain an application for reopening by challenging a sentence which, in effect, no longer exists. We cannot conclude that appellate counsel was deficient or that Jones was prejudiced by the absence of any proposed assignments of error regarding sentencing.

{¶ 10} This court has previously determined that applications for reopening are moot after the Supreme Court of Ohio reversed the judgment of this court and remanded the cases to the trial court for resentencing. *State v. Abboud*, 8th Dist. No. 85750, 2005-Ohio-5847, reopening disallowed, 2006-Ohio-4265; *State v. Bryant*, 8th Dist. No. 85836, 2005-Ohio-6358,

reopening disallowed, 2006-Ohio-4105. Likewise, because this court vacated the sentence, proposed assignments of error two through six are moot.

Jones has not met the standard for reopening. Accordingly, the application for reopening is denied.

_____
MELODY J. STEWART, PRESIDING JUDGE

LARRY A. JONES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR