# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101333**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**STEVEN CROTTS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-01-406396-ZA

**BEFORE:** Celebrezze, P.J., McCormack, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 4, 2014

**FOR APPELLANT**

Steven Crotts, pro se
Inmate No. 430-972
Chillicothe Correctional Institution
P.O. Box 5500
Chillicothe, Ohio   45601


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:     Brett Hammond
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

**{¶1}** Defendant-appellant Steven Crotts appeals from the judgment of the common pleas court denying his March 17, 2014 motion for resentencing. Finding no merit to his appeal, we affirm.

## I. Procedural History

**{¶2}** Appellant was arrested on January 16, 1999, following a police investigation of an alleged sexual assault that occurred at his home.[1] On January 19, 1999, appellant was charged in the Garfield Heights Municipal Court with attempted rape. On January 22, 1999, his case was bound over to the Cuyahoga County Grand Jury.

**{¶3}** On March 25, 1999, appellant filed a motion to dismiss his preindictment charges. He argued that his charge should be dismissed pursuant to Rule 39 of the Rules of Superintendence for the Courts of Ohio. The trial court found appellant's motion to be well taken and dismissed his charges on March 29, 1999.

**{¶4}** On April 26, 2001, appellant was reindicted in Cuyahoga C.P. No. CR-01-406393-ZA and charged with four counts of gross sexual imposition in violation of R.C. 2907.05 and one count of kidnapping in violation of R.C. 2905.01 with a sexual motivation specification. Two of the gross sexual imposition counts contained specifications that the victim was under the age of 13.

**{¶5}** On April 9, 2002, appellant moved the court to dismiss his indictment based on alleged violations of his right to a speedy trial pursuant to R.C. 2945.71. On April 16, 2002, the

---

[1] The facts underlying appellant's indictment are set forth in *State v. Crotts*, 8th Dist. Cuyahoga No. 81477, 2003-Ohio-2473, ¶ 3-5.

trial court denied appellant's motion. The court found that appellant's speedy trial rights would not expire until July 2, 2002.

{¶6} The matter proceeded to a jury trial on April 17, 2002. At the conclusion of trial, the jury found appellant guilty of kidnapping with a sexual motivation specification and two counts of gross sexual imposition with specifications that the victim was under the age of 13. He was sentenced to five years each on the counts of gross sexual imposition, to be served concurrently to each other but consecutively to an eight-year prison term for kidnapping, for a total sentence of 13 years. The judge also determined that appellant was a sexual predator.

{¶7} On May 15, 2003, this court reversed appellant's convictions finding that the trial court committed reversible error by accepting inadmissible and prejudicial "other acts" evidence. *State v. Crotts*, 8th Dist. Cuyahoga No. 81477, 2003-Ohio-2473. On December 15, 2004, the Ohio Supreme Court reversed this court's decision and remanded the case for disposition of the assignments of error found moot. *State v. Crotts*, 104 Ohio St.3d 432, 2004-Ohio-6550, 820 N.E.2d 302. On remand, this court overruled the remaining assignments of error and affirmed appellant's convictions. *State v. Crotts*, 8th Dist. Cuyahoga No. 81477, 2005-Ohio-3435. On December 14, 2005, the Ohio Supreme Court "denied leave to appeal and dismisse[d] the appeal as not involving any substantial constitutional question." *State v. Crotts*, 107 Ohio St.3d 1683, 2005-Ohio-6480, 839 N.E.2d 403.

{¶8} Thereafter, appellant filed an application for reopening his appeal with this court pursuant to App.R. 26(B). In support of his application for reopening, appellant argued, among other things, that he was denied due process of law when the trial court failed to dismiss his indictment where his right to a speedy trial had been violated. On March 13, 2006, this court

denied appellant's motion to reopen, finding that his speedy trial arguments were barred by the doctrine of res judicata. *State v. Crotts*, 8th Dist. Cuyahoga No. 81477, 2006-Ohio-1099, *reopening disallowed* (Mar. 6, 2006), Motion No. 376246.

{¶9} Appellant then filed an action for habeas corpus in federal court, arguing that he was denied effective assistance of counsel when his attorney failed to raise claims under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The court granted a conditional writ of habeas corpus and ordered the state court to resentence appellant. *See Crotts v. Bradshaw*, N.D.Ohio No. 1:06-CV-2519, 2007 U.S. Dist. LEXIS 79044 (Oct. 24, 2007).

{¶10} On December 11, 2007, the trial court reimposed appellant's 13-year sentence. On January 15, 2009, this court affirmed appellant's sentence. *State v. Crotts*, 8th Dist. Cuyahoga No. 90898, 2009-Ohio-138.

{¶11} On March 17, 2014, appellant filed a motion to "schedule resentencing date to comply with statutory required notification addressing postrelease control and punishment for failure to pay court cost in open court in the defendant's presence pursuant to Crim.R. 43." On April 7, 2014, appellant's motion was denied by the trial court.

{¶12} Appellant now brings this timely appeal, pro se, raising two assignments of error for review.

## II. Law and Analysis

### A. Speedy Trial

{¶13} In his first assignment of error, appellant challenges the trial court's denial of his pretrial motion to dismiss based on alleged violations of his right to a speedy trial. He contends

that the trial court improperly tolled his speedy trial days, thereby rendering his convictions void.

However, this court has already determined that appellant's arguments relating to his speedy trial rights are barred by the doctrine of res judicata. *Crotts*, 2006-Ohio-1099, at ¶ 4 ("Since the issues of improper sentencing, defective indictment, and speedy trial were raised on appeal to the Supreme Court of Ohio, res judicata now bars any further litigation of the claims"), citing *State v. Dehler*, 73 Ohio St.3d 307, 652 N.E.2d 987 (1995); *State v. Terrell*, 72 Ohio St.3d 247, 648 N.E.2d 1353 (1995); *State v. Loyed*, 8th Dist. Cuyahoga No. 83075, 2004-Ohio-3961, *reopening disallowed* (Apr. 27, 2005), Motion No. 365802; *State v. Smith*, 8th Dist. Cuyahoga No. 68643, 1996 Ohio App. LEXIS 101 (Jan. 18, 1996), *reopening disallowed* (June 14, 1996), Motion No. 371793.

**{¶14}** Appellant's first assignment of error is overruled.

### B. Former R.C. 2947.23

**{¶15}** In his second assignment of error, appellant argues that the trial court failed to comply with the mandates of former R.C. 2947.23(A)(1)(a). He contends that the trial court "failed to notify him of the possibility of community service in lieu of court cost payments." Although, technically, at the time of sentencing, the trial court should have so notified appellant, the statute has since been amended, and we therefore find that any error was harmless.

**{¶16}** As this court has stated:

In the current version of the statute, the court must only notify an offender of the possibility of community service in lieu of unpaid court costs if that offender is sentenced to community control sanction or other nonresidential sanction. R.C. 2947.23(A)(1)(a). It expressly excludes the notification requirement on an offender sentenced to [a] term of imprisonment. If we reversed the trial court's imposition of court costs, we would have to remand the case for a resentencing on the court costs, in which case the current version of R.C. 2947.23 would apply. Paradoxically, our remand would be for the trial court to again impose the court

costs without any notification because [appellant] was sentenced to a term of imprisonment. In light of this futile act, we find that in this particular case, any error in failing to notify [appellant] was harmless.

*State v. Young*, 8th Dist. Cuyahoga No. 99752, 2014-Ohio-1055, ¶ 31; *see also State v. Liuzzo*, 8th Dist. Cuyahoga No. 99545, 2014-Ohio-3030, ¶ 16.

{¶17} Appellant's second assignment of error is overruled.

### III. Conclusion

{¶18} Appellant's speedy trial arguments have been previously raised and addressed by this court. Therefore, his claims are barred by res judicata. Further, the trial court's failure to notify appellant at the time of his sentencing of the possibility of community service in lieu of unpaid court costs is harmless based on the subsequent amendments to R.C. 2947.23(A)(1)(a).

{¶19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

TIM McCORMACK, J., and
EILEEN T. GALLAGHER, J., CONCUR