OPINION
{¶ 1} Defendant-Appellant, Ronald Leroy Lewis, appeals a judgment of the Greene County Common Pleas Court sentencing him to two years in prison, after a negotiated plea of guilty to one count of possession of crack cocaine and one count of possession of criminal tools. Lewis asserts that the sentence was improper because it was based upon facts not found by the jury, which fact-finding has subsequently been *Page 2 
determined to be unconstitutional.
 {¶ 2} We conclude that Lewis forfeited this argument by failing to raise it at the trial court level. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} On May 19, 2005, Lewis entered a negotiated plea of guilty to one count of possession of crack cocaine and one count of possession of criminal tools, both felonies of the fifth degree. Thereafter, he was sentenced to a prison term of 12 months for each offense, to be served consecutively, for a total of two years. This sentence was further ordered to be served concurrently with a sentence of nine years imposed one day earlier in a different case.
 {¶ 4} The sentencing hearing was conducted by the trial court on May 19, 2005, at which time the trial court made the then-appropriate findings prior to imposing sentence. Lewis filed a timely notice of appeal from the decision in June 2005. After a number of extensions were granted and a show cause order was filed, Lewis submitted an appellate brief in January 2007. The State of Ohio's brief was filed in February 2007.
 {¶ 5} Lewis's brief was filed pursuant to Anders v. California (1967),386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493, and Lewis's appellate counsel indicated that he could find no potential assignments of error having arguable merit. However, while the appeal was pending, the Ohio Supreme Court announced its decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. The court's decision inFoster found various sections of the Ohio sentencing laws, which required judicial fact-finding, to be unconstitutional, and as a remedy excised those portions of the *Page 3 
sentencing code.
 {¶ 6} When we reviewed the briefs, we agreed with Lewis's counsel that none of the assignments of error raised in the original appellate brief had arguable merit. State v. Lewis (Apr. 26, 2007), Greene App. No. 2005 CA 65, slip. op., pp. 2-3. However, we also concluded that the sentence imposed in the instant case was "arguably" contrary to law in view of the intervening decision in Foster. We, therefore, ordered appellate counsel to file a proper appellate brief. Id. at p. 4.
 {¶ 7} Subsequently, both Lewis and the State filed supplemental briefs addressing the impact of Foster. The matter is now before us for consideration of the error raised in Lewis's supplemental brief.
 II {¶ 8} Lewis's sole assignment of error in his supplemental brief is as follows:
 {¶ 9} "THIS MATTER MUST BE REMANDED TO THE TRIAL COURT FOR RE-SENTENCING PURSUANT TO STATE V. FOSTER, 109 OHIO ST.3D 1,2006-OHIO-856."
 {¶ 10} In this assignment of error, Lewis claims that his sentencing herein was defective in light of the Ohio Supreme Court's holding inFoster, because the sentence was based upon findings of fact that were not determined by a jury or admitted to by Lewis. The Foster court, following Apprendi v. New Jersey (2000), 530 U.S. 466, 120 S.Ct. 2348,147 L.Ed.2d 435, and Blakely v. Washington (2004),542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, held that R.C. 2929.14(B), R.C. 2929.14(C), R.C. 2929.14(E)(4), R.C. 2929.19(B)(2), and R.C. 2929.41(A), which all require judicial fact-finding before imposing more than a minimum sentence, a maximum sentence, and a *Page 4 
consecutive sentence, were unconstitutional. Foster, 109 Ohio St.3d at ¶ 83.
 {¶ 11} After Foster, our appellate district, as well as others, vacated sentences and remanded cases for re-sentencing in cases that were pending when Foster was decided. See, e.g., State v.Henderson, Montgomery App. No. 21481, 2007-Ohio-134, at ¶ 36.
 {¶ 12} However, in September 2007, the Ohio Supreme Court filed a decision which impacts cases that would previously have been reversed and remanded for re-sentencing under Foster. See State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306.
 {¶ 13} In Payne, the defendant had entered a plea in the trial court after the 2004 United States Supreme Court decision in Blakely, but before the 2006 Ohio Supreme Court decision in Foster. Payne,2007-Ohio-4642, at ¶ 2-6. This is like the situation in the present case, as Lewis pled guilty to the two fifth-degree felony charges afterBlakely was decided in 2004, but before Foster was decided in 2006.
 {¶ 14} The defendant in Payne had failed to claim at the trial level that his sentence violated Blakely. Id. at ¶ 1. When the case came up for review, the Ohio Supreme Court observed that Foster was silent on the effect of a defendant's failure to object. In fact, the Ohio Supreme Court, itself, had remanded some cases for re-sentencing underFoster, where the defendant had "seemingly failed to object onBlakely grounds to the sentence imposed." Id. at ¶ 10. Because of confusion and conflict among appellate courts regarding the proper approach to be followed, the Ohio Supreme Court accepted review inPayne and decided to resolve the issue. Id. at ¶ 8 and 11. *Page 5 
 {¶ 15} The Ohio Supreme Court concluded in Payne that a trial court's error in sentencing a defendant pursuant to the pre-Foster version of the sentencing statute is not structural and should be analyzed under Crim. R. 52. Id. at ¶ 19-20. The court stressed that the situation involves forfeiture or failure to preserve an objection, rather than waiver, and must be reviewed as "plain error" under Crim. R. 52(B). Id. at ¶ 23.
 {¶ 16} After applying the plain error doctrine, the Ohio Supreme Court found that the defendant could not establish that he would have received a more lenient sentence "`but for' the Blakely error." Id. at ¶ 25. In this regard, the court stressed that if the defendant were to be re-sentenced, "nothing in the record would hinder the trial court from considering the same factors it previously had been required to consider and imposing the same sentence or even a more stringent one." Id. at ¶ 26. The court also rejected the notion that pre-Foster sentences imposed after judicial fact-finding are void. The court stated that:
 {¶ 17} "pre-Foster sentences imposed after judicial fact-finding and falling within the statutory range are voidable. * * *
 {¶ 18} "Therefore, defendants with a voidable sentence are entitled to re-sentencing only upon a successful challenge on direct appeal." Id. at ¶ 29-30.
 {¶ 19} Applying these concepts to the case at hand, we conclude that Lewis is not entitled to a remand of the case for re-sentencing. A review of the record and the transcript of the sentencing hearing indicates that Lewis failed to make a Blakely objection to sentencing at the trial court level. Furthermore, the sentence that was imposed was within the statutory range for fifth-degree felonies. See R.C.2929.14(A)(5). Accordingly, Lewis's sole assignment of error in his supplemental brief *Page 6 
is without merit.
 III {¶ 20} Lewis's First, Second and Third Assignments of Error having been overruled in our per curiam opinion of April 26, 2007, and the supplemental assignment of error having been overruled in this opinion, the judgment of the trial court is Affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1