DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Ronald Stuart, appeals from his convictions in the Wood County Court of Common Pleas for four counts of trafficking in cocaine. For the reasons that follow, we affirm.
 {¶ 2} On August 25, 2005, appellant entered guilty pleas to two counts of trafficking in cocaine, felonies of the first degree and two counts of trafficking in cocaine, *Page 2 
felonies of the second degree. One of the first degree felonies carried a specification that appellant was a major drug offender. He was sentenced to 14 years in prison. On July 27, 2007, this court granted appellant leave to file a direct appeal. He now asserts the following assignments of error:
 {¶ 3} "I. The trial court committed plain error when it sentenced Ronald Stuart to a non-minimum, enhanced sentence, based on facts not found by a jury or admitted by Mr. Stuart. This denied Mr. Stuart due process of law and the right to a jury trial under the Fifth, Sixth, andFourteenth Amendments to the United States Constitution. Blakely v.Washington (2004), 542 U. S. 296: (Sentencing T. pp. 18-19; judgment entry filed August 25, 2005).
 {¶ 4} "II. Trial counsel was ineffective, in violation of theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to object to the imposition of an illegal sentence. (Sentencing T. pp. 18-19: judgment entry filed August 25, 2005)."
 {¶ 5} Appellant's assignments of error will be addressed together. Appellant contends his sentence, composed of non-minimum and consecutive terms, is void pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In Foster, the Ohio Supreme Court found that by imposing non-minimum or consecutive sentences pursuant to Ohio sentencing guidelines, the trial court engaged in fact-finding found unconstitutional in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531. *Page 3 
 {¶ 6} In State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, the Ohio Supreme Court addressed the issue of resentencing after Foster. InPayne, the appellant was convicted of four felony offenses pursuant to an "Alford" plea. North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, 27 L.Ed.2d 162. The trial court sentenced Payne to four consecutive sentences. Payne's indictment was pre-Blakely whereas his plea and sentencing were post-Blakely. Payne did not object to the sentence in the trial court; however, he appealed his sentence to the Tenth District Court of Appeals claiming a Sixth Amendment and Blakely error. The Tenth District Court of Appeals found that Payne had waived hisBlakely argument and affirmed his conviction.
 {¶ 7} The Ohio Supreme Court, recognizing that it had remanded cases pursuant to Foster for resentencing with similar factual patterns, determined that these remands were not determinative of the issue as it had not been "raised at the time of the adjudication," quoting their decision in State ex rel. Gordon v. Rhodes (1952), 158 Ohio St. 129, 48 O.O. 64, 107 N.E.2d 206, paragraph one of the syllabus. Relying onUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, the Ohio Supreme Court then addressed the issue finding that failure to raise an objection in the trial court after sentencing, post-Blakely, forfeits a claim for a Blakely error. However, a claim of plain error survives.
 {¶ 8} The Supreme Court of Ohio, following Washington v. Recuenco
(2006), 548 U.S.___, 126 S.Ct. 2546, 2553, 165 L.Ed.2d 466, held that aBlakely type of error *Page 4 
should be analyzed pursuant to Crim.R. 52, as a nonstructural constitutional error.[1] As Payne failed to establish that his sentence would have been different "absent the error," State v.Hill (2001), 92 Ohio St.3d 191, 203, the court held that there was no plain error.
 {¶ 9} Finally, the court addressed Payne's claim that the use of the word "void" by the Foster court in describing his sentence requires that he be resentenced. The court stated that:
 {¶ 10} "A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. State v.Wilson (1995), 73 Ohio St.3d 40, 44. Conversely, a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously. State v. Filiaggi (1999), 86 Ohio St.3d 230, 240."Payne, supra.
 {¶ 11} The court held that Foster addressed a situation in which the trial courts had both subject-matter jurisdiction and personal jurisdiction over a defendant, and thus held that pre-Foster sentences within the statutory range are voidable. Resentencing can occur only after a successful direct appeal. *Page 5 
 {¶ 12} Here, appellant was sentenced in 2005, before Foster was released in 2006. Appellant's sentence is therefore voidable. Appellant, however, did not object to the constitutionality of his sentence at the sentencing hearing. Following Payne, we hold that appellant has forfeited[2] the issue for appellate purposes. Payne, ¶ 21.
 {¶ 13} Pursuant to Payne, we are confined to a plain error analysis.
 {¶ 14} Post-Foster, it is axiomatic that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. Therefore, post-Foster, trial courts are still required to consider the general guidance factors in their sentencing decisions. In its judgment entry, the trial court specifically stated that it had considered the purposes and principles of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The trial court additionally stated that it had considered the record and oral statements when making its decision.
 {¶ 15} Appellant was convicted of two first degree felonies. First degree felonies carry a minimum sentence of three years and a maximum sentence of ten years. 2929.14(A)(1). He received two concurrent four year sentences for each of the first degree felonies. He was also convicted of two second degree felonies. Second degree *Page 6 
felonies carry a minimum sentence of two years and a maximum sentence of eight years. 2929.14(A)(2). He received two concurrent four year sentences for each of the second degree felonies. Those sentences were ordered to be served concurrently with the first degree felony sentences. Finally, appellant received a ten year sentence for the major drug offender specification. Such a sentence is mandatory pursuant to R.C. 2925.11(C)(1)(e). That sentence was ordered to be served consecutively to the others for a total of 14 years. The record shows that appellant was serving a community control sanction at the time of his offense. Upon review, this court cannot say that the trial court committed plain error in sentencing appellant to f 14 years, well within the statutory range. Appellant's two sole assignments of error are found not well-taken.
 {¶ 16} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, P.J., Singer, J., Osowik, J. CONCUR.
[1] The court defined a structural error as an error which requires an automatic reversal because it permeates the entire "framework within which the trial proceeds." Payne ¶ 18, citing State v. Fisher,99 Ohio St.3d 127, 2003-Ohio-2761, ¶ 9, quoting Arizona v. Fulminante (1991),499 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed.2d 302. InWashington v. Recuenco, supra, the court reasoned that the failure to submit a sentencing factor to the jury is akin to failure to submit an element of an offense to the jury. In that the United States Supreme Court has held that the later omission does not render an entire trial fundamentally unfair, Neder v. United States, (1999), 527 U.S. 1, 19-20,119 S.Ct. 1827, 144 L.Ed.2d 35, the Payne court reasoned that aBlakely violation should be treated identically.
[2] The Payne court distinguished between forfeiture and waiver. "Waiver is the intentional relinquishment or abandonment of a right, and waiver of a right `cannot form the basis of any claimed error under Crim.R. 52(B).' * * * On the other hand, forfeiture is a failure to preserve an objection, and because Payne failed to timely assert his rights under Blakely, his failure to preserve the objection must be treated as a forfeiture. * * * `[A] mere forfeiture does not extinguish a claim of plain error under Crim.R. 52(B).'" *Page 1