JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Julius Potter (Potter) appeals the trial court's December 3, 2007 order that imposed postrelease control in addition to his original sentence. After reviewing the parties' arguments and pertinent case law, we vacate the sentence and remand for resentencing.
 {¶ 2} On December 17, 1996, a jury found Potter guilty of the following: one count of aggravated burglary; five counts of aggravated robbery; one count of felonious assault; and lastly, for firearm specifications attached to each count. On January 6, 1997, the trial court sentenced Potter to thirteen years of imprisonment.
 {¶ 3} On February 5, 1997, Potter appealed his convictions, which we affirmed. See State v. Potter (Apr. 16, 1998), Cuyahoga App. No. 72015.
 {¶ 4} Sometime in late 2007, the Ohio Department of Rehabilitation and Correction informed the trial court that it failed to impose mandatory postrelease control as part of Potter's sentence. (Tr. 3.)
 {¶ 5} As a result thereof, on December 3, 2007, the trial court conducted a hearing in which Potter and his counsel were present. The trial court advised Potter that it was adding five years of mandatory postrelease control to his existing sentence. Potter's counsel objected for the record. (Tr. 4-5.) *Page 3 
 {¶ 6} Potter appealed and asserted four assignments of error for our review.
ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court's addition of post-release control to appellant's original sentence constituted successive punishment in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 7} Potter argues that the trial court violated his constitutional rights when it imposed postrelease control because postrelease control must be part of a single sentence along with any other term of imprisonment.
 {¶ 8} The Supreme Court of Ohio held that the trial court is required to notify an offender at the sentencing hearing about postrelease control:
 "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085.
 {¶ 9} Furthermore, when the trial court fails to notify the offender at the sentencing hearing about postrelease control, the sentence is void. State v. *Page 4 Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250. A recent opinion issued by the Supreme Court of Ohio affirmed Jordan and Bezak and held that:
 "[I]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void and the state is entitled to a new sentencing hearing in order to have postrelease control imposed on the defendant unless the defendant has completed his sentence." State v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197.
 {¶ 10} In applying the law to the facts of this case, we find that the trial court did not notify Potter at the original sentencing hearing about postrelease control. Given Potter's conviction, imposition of postrelease control was mandatory. See R.C. 2929.14(F); R.C. 2967.28. As such, Potter's original sentence is void. See Simpkins; Jordan;Bezak.
 {¶ 11} At the December 3, 2007 hearing, the trial court stated:
 "What the Court's going to do, in addition to all the terms and conditions of the previous sentence, inform you and put as part of the journal entry — [is] advise you that in accordance with Revised code Section 2967.28(B) there's mandatory post release control in the amount of five years." (Tr. 4.)
 {¶ 12} The trial court also journalized the following: "Hearing held. Sentencing entry of 01-06-97 is amended to include PRC-5 years." *Page 5 
 {¶ 13} Thus, although the trial court imposed five years of mandatory postrelease control at the December 3, 2007 hearing, it failed to conduct a de novo sentencing hearing pursuant to Jordan, Bezak, andSimpkins. "Merely advising him that he would be subject to postrelease control upon his release from prison, without conducting a de novo sentencing hearing is not sufficient." State v. Dresser, Cuyahoga App. No. 90305, 2008-Ohio-3541.
 {¶ 14} "[W]here a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant." Jordan at 23. Thus, the matter must be remanded not only to advise Potter that he is subject to postrelease control but to afford him a de novo sentencing hearing where a new sentence may be imposed.
 {¶ 15} Potter's first assignment of error is sustained.
 ASSIGNMENT OF ERROR NUMBER TWO
 "The trial court's imposition of post-release control after appellant had served more then eleven years of his prison sentence violated his due process."
 {¶ 16} Potter argues that the trial court's imposition of postrelease control violates his due process rights and the double jeopardy clause of the United States constitution.
 {¶ 17} However, "due-process rights are malleable ones that are designed to ensure that individuals are treated with fundamental fairness in light of the *Page 6 
given situation and the interests at stake." Simpkins at 428. Regarding double jeopardy:
 "[T]he double jeopardy clause was designed, in part, to preserve the finality and integrity of judgments. But the United States Supreme Court's decisions in the sentencing area also clearly establish that a sentence does not have the qualities of constitutional finality that attend an acquittal." Simpkins at 427. (Internal citation omitted.)
 {¶ 18} Thus, "Where * * * the sentence imposed was unlawful and thus void, there can be no reasonable, legitimate expectation of finality in it." Simpkins at 428.
 {¶ 19} We followed the precedent set forth in Simpkins and similarly held that imposition of postrelease control does not violate notions of due process or double jeopardy:
 "[S]uch resentencing does not violate finality or double jeopardy prohibitions as the effect of determining that a judgment is void is well established. It is as though such proceedings had never occurred; the judgment is a mere nullity and the parties are in the same position as if there had been no judgment." State v. Singleton, Cuyahoga App. No. 90042, 2008-Ohio-2351. (Internal citation omitted.)
 {¶ 20} Therefore, Potter's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER THREE
 "The trial court erred in adding post-release control to appellant's original sentence as the addition was precluded by the doctrine of res judicata and collateral estoppel when the State failed to appeal the omission of post-release control from appellant's original sentence." *Page 7 
 {¶ 21} Potter argues that the doctrine of res judicata and collateral estoppel preclude the addition of postrelease control to his sentence.
 {¶ 22} Regarding res judicata: "Res judicata applies only to a valid, final judgment." State v. Talley, Cuyahoga App. No. 89328,2007-Ohio-5853.
 "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on appeal from that judgment." State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. (Emphasis in original.)
 {¶ 23} The Simpkins court reasoned:
 "Although res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence, we have not applied res judicata to cases in which the sentence was void. We decline to do so now." Id. at 426. (Internal citation omitted.)
 {¶ 24} Furthermore, collateral estoppel also acts to preserve the finality of final judgments. See State v. Roberts, Slip Opinion No. 2007-1475, 2008-Ohio-3835.
 "Collateral estoppel is the doctrine that recognizes that a determination of facts litigated between two parties in a proceeding is binding on those parties in all future proceedings. Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated *Page 8 between the same parties in any future lawsuit." State v. Lovejoy (1997), 79 Ohio St.3d 440. (Internal citation omitted.)
 {¶ 25} Specifically, the Supreme Court of Ohio has made clear that, "[R]es judicata does not prevent resentencing." Simpkins at 426. Nor does collateral estoppel prevent resentencing in the instant case either. See State v. Blankenship, Fairfield App. No. 07 CA 40,2008-Ohio-3758; State v. Broyles, Fairfield App. No. 2006CA00170,2007-Ohio-487. *Page 9 
 {¶ 26} Therefore, Potter's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER FOUR
 "Appellant was constructively denied the right to counsel as provided by the Sixth Amendment."
 {¶ 27} In light of our ruling on Potter's first assignment of error, Potter's fourth assignment of error is moot.
 {¶ 28} Accordingly, Potter's sentence is vacated and the case is remanded for a complete de novo resentencing to include postrelease control.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1