JOURNAL ENTRY AND OPINION
{¶ 1} Relator, Julius Potter, is the defendant in State v.Potter, Cuyahoga County Court of Common Pleas Case No. CR-341905. He avers that he has wrongfully been labeled as a sex offender. He requests that this court compel respondent to rule on Potter's "motion/compel request to issue nunc pro tunc entry from 12/17/96 judgment ***" ("motion/compel request"). That is, Potter's motion-which was filed on September 22, 2008 — requests that the court of common pleas indicate that he was not convicted of rape (under R.C. Chapter 2907).
 {¶ 2} Respondent has filed a motion for summary judgment. Attached to the motion is a copy of a journal entry issued by respondent and received for filing on November 3, 2008 ("November 3 entry"). In that entry, respondent explains that *Page 3 
counts 14 and 15 were rape charges, which respondent dismissed, and that the court renumbered the counts. Attached to the November 3 entry are copies of journal entries in Case No. CR-341905 reflecting: the dismissal of counts 14 and 15 (for rape); the jury's verdict; and the sentence. The jury found Potter guilty of counts of: aggravated burglary; aggravated robbery; kidnapping; and felonious assault.[1]
The November 3 entry concludes with respondent observing that "it is clear that Mr. Potter was not convicted of any sexual-related crime and the Ohio Department of Corrections is ordered to treat Mr. Potter accordingly."
 {¶ 3} Potter has not responded to the motion for summary judgment. He did, however, file a "motion for relief injunctive in character and summary judgment," which we have denied by separate entry.
 {¶ 4} We find respondent's motion for summary judgment to be well-taken. Respondent has disposed of Potter's "motion/compel request" and further clarified the record in Case No. CR-341905 to indicate that Potter was not convicted of rape. Potter has not demonstrated that respondent has any additional duty or that Potter has a clear legal right to relief. As a consequence, relief in mandamus is not appropriate.
 {¶ 5} Potter's "complaint and supporting documentation also are defective in ways that would require dismissal. He has not included the addresses of the parties *Page 4 
in the caption as required by Civ. R. 10(A). State ex rel. Hall v.Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, at 2. Also, he has failed to include a certified copy of the prison cashier's statement of the balance in his inmate account as required by R.C. 2969.25(C).State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, we deny relator's claim of indigency and order him to pay costs. Additionally, `[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus.State ex rel. Zanders v. Ohio Parole Board (1998), 82 Ohio St.3d 421,696 N.E.2d 594 and State ex rel. Alford v. Winters (1997),80 Ohio St.3d 285, 685 N.E.2d 1242.' State ex rel. Hite v. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6." State ex rel. Santos v. McDonnell, Cuyahoga App. No. 90659, 2008-Ohio-214, at ¶ 3.
 {¶ 6} Accordingly, we grant respondent's motion for summary judgment. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ. R. 58(B). Relator to pay costs.
Writ denied.
JAMES J. SWEENEY, A.J., and SEAN C. GALLAGHER, J., CONCUR
[1] We also note that this court remanded Case No. CR-341905 to respondent for resentencing in State v. Potter, Cuyahoga App. No. 90821,2008-Ohio-5265. Respondent has issued a resentencing entry which was received for filing on November 26, 2008. *Page 1