JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Steven Crotts, appeals his sentence from the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} Crotts was convicted, after a jury trial, of one count of kidnapping with a sexual-motivation specification and two counts of gross sexual imposition with the specification that the victim was under the age of 13. He was sentenced to 13 years in prison: 5 years on each count of gross sexual imposition to be served concurrently, but consecutively to 8 years for the count of kidnapping with sexual motivation specification.
 {¶ 3} This court reversed Crotts's convictions in State v.Crotts, Cuyahoga App. No. 81477, 2003-Ohio-2473. The Ohio Supreme Court reversed this court's decision and remanded the case for disposition of the assignments of error found moot. See State v. Crotts,104 Ohio St.3d 432, 2004-Ohio-6550. On remand, this court overruled the remaining assignments of error and affirmed Crotts's convictions. See State v.Crotts, Cuyahoga App. No. 81477, 2005-Ohio-3435.
 {¶ 4} Crotts then filed an action for habeas corpus in federal court, arguing that he was denied effective assistance of counsel when his attorney failed to raise a claim under Blakely v. Washington (2004), 542 U.S. 296, and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The court granted a conditional writ of habeas corpus and ordered the state court to resentence Crotts. See Crotts v. Bradshaw (N.D. Ohio, Oct. 30, 2007), Slip Op. No. 1:06-CV-25192007. *Page 4 
 {¶ 5} Crotts was resentenced to 13 years in prison: 5 years as to each count of gross sexual imposition to be served concurrently but consecutive to 8 years for the kidnapping with sexual motivation specification. Crotts appeals, advancing four assignments of error for our review.
 {¶ 6} "I. Defendant was denied due process of law when the court failed to merge the kidnapping and gross sexual imposition convictions."
 {¶ 7} As an initial matter, the state argues that Crotts's merger argument is barred by the doctrine of res judicata.
 {¶ 8} The doctrine of res judicata applies to a voidable sentence and may operate to prevent consideration of a collateral attack based on a claim that could have been raised on direct appeal from the voidable sentence, State v. Perry (1967), 10 Ohio St.2d 175; however, res judicata has not been applied to cases in which the sentence was void.State v. Simpkins, 117 Ohio St.3d 420, 426-427, 2008-Ohio-1197.
 {¶ 9} A voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously. State v.Filiaggi, 86 Ohio St.3d 230, 240, 1999-Ohio-99. A void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act. State v. Wilson, 73 Ohio St.3d 40, 44, 1995-Ohio-217.
 {¶ 10} In State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, the Ohio Supreme Court held that Foster addressed a situation in which the trial courts had *Page 5 
both subject-matter jurisdiction and personal jurisdiction over a defendant, and thus held that pre-Foster sentences within the statutory range are voidable.
 {¶ 11} Here, Crotts was sentenced in 2003, before Foster was released in 2006; Crotts's sentence is therefore voidable. See, also, State v.Lewis, Greene App. No. 2005-CA-65, 2008-Ohio-492; State v. Stuart, Wood App. No. WD-07-034, 2008-Ohio-714; State v. Potter, Cuyahoga App. No. 90821, 2008-Ohio-5265. Since Crotts's sentence is voidable, and not void, res judicata applies.
 {¶ 12} Crotts could have raised the merger issue in his first appeal, but did not. As a result, this argument is barred by the doctrine of res judicata.
 {¶ 13} Nevertheless, we find that the elements of the two offenses of kidnapping and gross sexual imposition, as charged herein, do not correspond to such a degree that the commission of one crime will result in the commission of the other. Pursuant to R.C. 2907.05(A)(4), gross sexual imposition prohibits sexual contact with a child under 13 years of age, as was charged and found here. Therefore, no restraint, deception, force, or threats are required for the commission of this offense. The commission of the offense of gross sexual imposition will not automatically result in the commission of the offense of kidnapping under R.C. 2905.01(A)(4) because no restraint or removal is involved. Therefore, as charged here, gross sexual imposition and kidnapping are not allied offenses of similar import and R.C. 2941.25 does not apply.State v. Warren, 168 Ohio App.3d 288, 2006-Ohio-4104; State v. Hay, Union App. No. 14-2000-24, 2000-Ohio-1938; State v. Moralevitz (1980),70 Ohio App.2d 20. *Page 6 
 {¶ 14} Since Crotts's convictions were not allied offenses of similar import, the trial court did not err when it ordered his sentences to be served consecutively. Accordingly, Crotts's first assignment of error is overruled.
 {¶ 15} "II. Defendant was denied due process of law when the court overruled defendant's motion to satisfy sentence and discharge defendant."
 {¶ 16} Crotts asserts that he was denied due process when he was sentenced to more than the minimum sentence as a first-time offender. He argues that the failure to apply the statutory presumption of a minimum sentence resulted in a retroactive application of a change in the law. Crotts contends that the remedy in Foster, supra, creates an ex post facto law.
 {¶ 17} We have previously addressed and rejected this argument inState v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715. We decline to overrule it. Accordingly, Crotts's second assignment of error is overruled.
 {¶ 18} "III. Defendant was denied due process of law when he was sentenced to consecutive terms of imprisonment based upon the court's personal vilification of defendant and his religious and sexual orientation."
 {¶ 19} Crotts contends that his sentence was the result of the trial court's bias against homosexuals. After a thorough review of the record, we find no merit to Crotts's contention and overrule his third assignment of error.
 {¶ 20} "IV. Defendant was denied due process of law when he was convicted and sentenced on indictments which failed to allege any culpable mental states." *Page 7 
 {¶ 21} Crotts contends that no culpable mental state was alleged in his indictment nor proven by the state, in violation of State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624.
 {¶ 22} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial.Perry, 10 Ohio St.2d at paragraph nine of the syllabus; State v.Jenkins (1987), 42 Ohio App.3d 97, 99; see, also, State v. Sabo (Mar. 21, 1991), Athens App. No. 1459. Since Crotts could have raised, but did not raise, this issue in his prior appeal, the doctrine of res judicata bars him from raising this issue in this appeal. Accordingly, Crotts's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
 KENNETH A. ROCCO, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1