JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} After entering pleas of no contest to charges of theft, forgery, and tampering with evidence, defendant-appellant Rico Cox appeals from the sentence imposed by the trial court.
 {¶ 2} Cox presents a single assignment of error; he asserts the sentence is void because the trial court failed to properly impose postrelease control. The state concedes Cox's assertion, and the record demonstrates he is correct.
 {¶ 3} Consequently, Cox's sentence is vacated, and this case is remanded for a de novo resentencing hearing.
 {¶ 4} In April 2007, the Cuyahoga County Grand Jury indicted Cox on eight counts, charging him with one count of theft in an amount between five thousand and one hundred thousand dollars, six counts of forgery, and one count of tampering. The first seven counts additionally contained a furthermore clause that stated the victim was an elderly person as defined in R.C. 2913.01.
 {¶ 5} Cox eventually entered pleas of no contest to all of the charges. Prior to accepting Cox's pleas, the trial court advised Cox concerning the maximum penalties involved in entering them, including the requirements surrounding postrelease control. The trial court then referred Cox to the probation department for a presentence investigation and report. *Page 4 
 {¶ 6} When the case was called for sentencing, the trial court imposed concurrent prison terms of three years on count one and one year on each of the remaining counts. The court made no mention of postrelease control. Nevertheless, the journal entry of Cox's sentence states: "Post release [sic] control is part of this prison sentence for 5 years *** under R.C. 2967.28."
 {¶ 7} Cox presents one assignment of error, as follows.
 "The appellant's sentence is void where the trial court failed to inform the appellant that he may be subject to post-release [sic] control upon his release from incarceration."
 {¶ 8} Cox argues that, pursuant to decisions of the Ohio Supreme Court, the trial court's failure to mention postrelease control at the sentencing hearing renders his sentence void. The state concedes Cox's assignment of error has merit.
 {¶ 9} A trial court is required at sentencing to notify the offender about postrelease control. State v. Jordan, 104 Ohio St.3d 21,2004-Ohio-6085, paragraph one of the syllabus. Furthermore, in cases in which the defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required, but the trial court failed to notify the defendant at the sentencing hearing, the sentence is void.State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250. *Page 5 
 {¶ 10} Under such circumstances, the parties are entitled to a new sentencing hearing in order to have postrelease control imposed on the defendant, unless the defendant has completed his sentence. State v.Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, at the syllabus.
 {¶ 11} Cox's convictions were for offenses that were felonies of the third and fourth degrees; therefore, the sentences included postrelease control. R.C. 2929.14(F)(2); R.C. 2967.28(C). Since the trial court failed to inform him of this fact, his sentences are void. State v.Potter, Cuyahoga App. No. 90821, 2008-Ohio-5265, ¶ 10. The trial court cannot merely include in a journal entry of sentence a period of postrelease control; rather, the defendant is entitled to a de novo resentencing hearing. Id., ¶ 13.
 {¶ 12} The facts presented in this case thus mandate this court to sustain Cox's assignment of error.
 {¶ 13} Cox's sentence is vacated, and this case is reversed and remanded for a de novo resentencing hearing, at which, in addition to imposing sentence, the trial court must advise Cox he is subject to postrelease control.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MELODY J. STEWART, J., CONCUR. *Page 1